### JAMES v. DUKE.

In this case *held*, that if it be conceded that defendant would be entitled, upon a proper showing, to damages by way of set-off against the plaintiff's demand, he proved no damages, and therefore cannot be heard to complain after judgment.

*Appeal from County Court of Arapahoe County.*

THE facts are stated in the opinion.

Messrs. E. P. HARMAN and J. M. ELLIS, for appellant.

Messrs. WOLCOTT and MILBURN, for appellee.

BECK, C. J. Duke, who was plaintiff below, sued James for the recovery of $50, being one month's wages as clerk at the Brunswick Hotel, in this city. The action was originally instituted before a justice of the peace, who gave judgment for the plaintiff, from which the defendant appealed to the county court, where the

cause was tried to the court without a jury, and judgment rendered for the full amount of plaintiff's demand.

The defense relied upon is that the plaintiff was employed as a book-keeper for the hotel; that he did not keep the books correctly, and violated the contract made with the defendant at the time of his employment, by leaving the service of defendant without "finishing up his books," whereby defendant was damaged to the amount of $50.

Upon an inspection of the testimony, the following facts appearing therein are uncontradicted, viz.:

That plaintiff was employed at the hotel by defendant at a stipulated compensation of $50 per month, the service to commence October, 1, 1881. That plaintiff served the entire month, quitting of his own volition on the night of the last day of the month, and that he has received no compensation therefor. No complaints of inefficiency were made by defendant during the employment, but, on the contrary, he stated to one of the witnesses, about the middle of the month, that plaintiff was the best clerk he ever had.

Upon the question as to the capacity in which plaintiff was hired, the testimony is in irreconcilable conflict.

The plaintiff swears that he made no pretensions of being a book-keeper, and did not hire as such, but as a hotel clerk, although he did keep the books in addition to performing the duties of clerk during his engagement. The defendant, on the other hand, is equally positive, in his testimony, that he hired the plaintiff as a book-keeper, and in consideration of his alleged experience in keeping books. Both parties produced some evidence in corroboration of their respective statements.

We cannot say, upon the testimony before us, that plaintiff was hired as a book-keeper for the hotel, and that he was not hired, as he claims, merely as a hotel clerk. There is a wide difference between these avoca-

tions, as was stated by the witness Gage. If plaintiff was hired as a hotel clerk only, the defense clearly fails.

But there is another consideration which is decisive of the case. Defendant has proved no actual damages resulting to him from the plaintiff's inefficiency as a book-keeper.

The only testimony on this point is that of defendant, and the witness Cramer. Defendant says he had to employ Cramer, a book-keeper, to straighten up the books after plaintiff left him. Cramer says he found the books only partially posted, two days' business not being transferred to the books at all. He then produced the books, and showed by them what errors had been committed therein by the plaintiff, which were as follows:

A mistake had been made in the account of M. Caulde & Co., but the amount of the error is not stated. On three pages the footings were incorrect; on four pages the balances were incorrect.

There is no testimony that defendant suffered any loss on account of these errors, and the only testimony to found the claim of $50 damages upon, is Cramer's direct testimony that it was worth $50 to straighten up the books. He did not swear that he received that or any other sum for this service. His further testimony is, that he is the book-keeper of the hotel, having entered the employment of the defendant on November 1st, being the next day after plaintiff left; that he has been there constantly ever since, and that it did not take him long to remedy the defects in the books. There is nothing to show that this work interfered with the full performance of the duties of his employment, or that any extra compensation was paid, or contracted to be paid, on account of this special work. For aught that appears, it was considered as attaching to his legitimate duties under the general engagement.

It is, therefore, unnecessary to discuss any of the legal questions which have been raised. If it be conceded

that defendant would be entitled, upon a proper showing, to set off damages sustained against the plaintiff's demand, he has proved no damages. The judgment will therefore be affirmed.

*Affirmed.*